### 13825. McHAN v. McHAN.

The excerpt from the charge of the court which constitutes the only ground of exception insisted upon is not unintelligible when taken in connection with the previous part of the charge, and when so considered is neither misleading nor erroneous.

DECIDED APRIL 14, 1923.

Complaint; from Gilmer superior court — Judge Blair.   June 24, 1922.

*A. H. Burtz, Clay & Blair,* for plaintiff in error.

*Roscoe Pickett, Morris & Hawkins,* contra.

JENKINS, P. J.   Defendant in error, W. F. McHan, sued R. C. McHan for $1,660.54, the alleged balance due on the purchase price of certain real estate, upon which was located a brick kiln, sold by the plaintiff to the defendant.   The contention of the defendant in error (who will hereinafter be referred to as the plaintiff) was that the real estate and brick kiln were sold to the defendant for the total sum of $4,660.54; that plaintiff owed on the property $3,000; that the trade was made on February 28, 1920; that under the terms of the sale the defendant, as purchaser, was to assume the $3,000 indebtedness outstanding against the property, and was to pay to the plaintiff the difference, to wit, $1,660.54; that on the day of the trade, when plaintiff made to defendant a deed to the property, defendant gave to plaintiff his check for $1,660.54, covering said difference, but asked plaintiff to hold the check until the following day until he could get sufficient funds in the bank with which to pay the check; that plaintiff stated to defendant that he wanted to return to his home in the country, and that he would leave the check with the defendant, who agreed to deposit the same to the credit of plaintiff in the bank on the following day; which, however, defendant failed to do; and that defendant has since failed and refused to pay this balance of $1,660.54, although holding title under plaintiff's deed, after having assumed the $3,000 loan which was outstanding against the property.   Plaintiff admitted that defendant had on April 30, 1920, placed to his credit in the bank at Ellijay the sum of $940.54.   Defendant admitted the transaction relative to the check as contended by plaintiff, but insisted that the real property and brick kiln were not sold as an entire transaction for one lump sum of $4,660.54, but that the real estate and the brick kiln were sold in separate and distinct transactions; that he was to pay plaintiff for the real estate the sum of $3,000 by assuming the loan outstanding against the real estate, and was to pay for the brick kiln the sum of $1,660.54; and contended that the plaintiff warranted to him that there were 90,000 brick in the kiln at the time of the trade; that he subsequently counted the

brick, and found only between 40;000 and 50,000 brick; and that he on April 30, 1920, placed to the credit of the plaintiff in the bank at Ellijay the sum of $940.54, which defendant contends was in full payment of all that he was due the plaintiff, because of the shortage in the brick. The plaintiff, on the other hand, denied that he made any warranty to the defendant as to the amount of brick in the kiln, and contended that the defendant purchased said kiln and brick after inspection, and upon his own judgment as to the number of brick contained therein.

It will thus be seen that the only issue between the plaintiff and the defendant was one of fact as to whether or not the plaintiff warranted the number of brick to the defendant, and, if so, whether or not the defendant had paid to the plaintiff the full value of the brick which the defendant actually received. The jury settled the issue in favor of the plaintiff by returning a verdict against the defendant for the difference between the $1,660.54 claimed by plaintiff to be originally due, and the $940.54 paid to the plaintiff by the defendant on April 30, 1920, to wit, for $720 with interest in the sum of $186.90.

Counsel for plaintiff in error have abandoned the general grounds of the motion for a new trial by failure in any wise to insist upon them, and confine their attention solely to the only other assignment of error contained in the motion, which excepts to the following excerpt from the charge: "If you find for the plaintiff, you will say, 'We, the jury, find for the plaintiff so many dollars principal, figure the interest and so many dollars and cents, if it be dollars and cents, interest, date it, and let your foreman sign it. I told you the plaintiff would be entitled to a verdict in any event for interest, so I will not instruct you to find a verdict for the defendant at all." This excerpt from the charge, when considered in connection with the other portion of the charge, to which it manifestly must have reference, becomes intelligible, and does not contain error. The other portion of the charge referred to is as follows: " So these are the issues in the case, and it is for you to determine from the evidence, under the rules the court has undertaken to give you, as to what the truth of the case is, and write a verdict that will express the truth of the case. In any event the plaintiff would be entitled to recover interest on the $940.54 from February 28, 1920, until the date that amount of money was paid into the bank."

By reference to the testimony of both the plaintiff and the defendant, it will be seen that the original trade took place on February 28, 1920, at which time defendant was to pay to plaintiff the amount of money agreed upon, and that it was then due, the defendant giving his check therefor as above stated. Ernest Hudson, sworn in behalf of the defendant, testified that this sum of $940.54 was not deposited by the defendant to the credit of the plaintiff until April 30, 1920. Thus, even though the jury had found in favor of the defendant's contentions, he still would have been due to the plaintiff interest on the sum thus paid from the 28th day of February, 1920, the date it was admittedly due, until the 30th day of April, 1920, the date it was in fact paid. This was what the court in substance charged in the excerpt to which exception is taken. The validity of the payment as actually made is in no way attacked by the defendant. He makes no contention that it was induced by fraud, accident, or mistake; but on the contrary, according to his own evidence the payment was voluntarily made after the shortage in the bricks as testified to by him had been fully ascertained. It follows, that, no matter what the finding of the jury on the issues in dispute might have been, the plaintiff was entitled to interest on the amount of such payment from the time it was due until it was actually paid.

*Judgment affirmed. Stephens and Bell, JJ., concur.*